**Visoth HAY, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2005.

Decided Nov. 29, 2005.

Thadd A. Blizzard, Esq., Charles L. Post, Esq., Thomas L. Riordan, Weintraub Genshlea Chediak & Sproul, Sacramento, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Emily A. Radford, Esq., Ari Nazarov, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Visoth Hay, a native and citizen of Cambodia, petitioned this court for review of the Board of Immigration Appeals's ("BIA's") affirmance of an immigration judge's ("IJ's") decision determining that Hay "failed to file his asylum application within one year of his arrival, and that he failed to demonstrate changed circumstances relating to the delay in filing an application within one year."

Pursuant to 8 U.S.C. § 1158(a)(2)(B), an application for political asylum is untimely if filed more than one year after the alien's arrival in the United States. However, an exception exists "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified...." 8 U.S.C. § 1158(a)(2)(D).

■ Prior to the passage of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, 311 (2005), no court had jurisdiction to review a determination by the Attorney General that an applicant's petition was not filed within the one-year time limit or that changed circumstances existed that excused the application of the one-year time limit. *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). However, the REAL ID Act provided for review of "questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Therefore, we have jurisdiction to review whether the BIA committed an error of law in determining that Hay failed to demonstrate changed circumstances relating to the delay in filing an application within one year.

■ In this case, the BIA applied the wrong statutory period in its analysis of the case. Because Hay's last arrival in the United States occurred prior to April 1, 1997, he was required to file his asylum application by April 1, 1998. 8 C.F.R. § 208.4(a)(2)(B)(ii). The BIA and IJ analyzed whether circumstances had changed prior to that time, not after. Therefore, we must remand this case to the BIA for a determination, applying the correct statutory analysis, of whether Hays met the statutory exception for changed circumstances.

Substantial evidence supports the BIA's determination that Hay failed to demonstrate a clear probability of persecution or torture if returned to Cambodia. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We therefore deny his claims for withholding and protection under CAT.

**PETITION DENIED IN PART; GRANTED AND REMANDED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.